PETER J. BENVENUTTI (Bar No. 60566)
ROBERT A. TRODELLA, JR. (Bar No. 184081)
MICHAELINE H. CORREA (Bar No. 215215)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: robert.trodella@hellerehrman.com
miki.correa@@hellerehrman.com

Attorneys for chapter 7 trustee
WILLIAM A. BRANDT, JR.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re:

IMP, INC.,

　　　　Debtor.

Bk. No. 03-55665 MM
Chapter 7

**CHAPTER 7 TRUSTEE'S AMENDED NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE OF ADMINISTRATIVE CLAIMS ASSERTED BY CERTAIN INVESTORS**

[Hearing Only if Timely Requested]
B.L.R. 9014-1(B)(3)

**TO THE HONORABLE MARILYN MORGAN, UNITED STATES BANKRUPTCY JUDGE, AZZAM ABDO, CHIN-SHENG MIAO, GEORGE GHORBANIAN, WINNIE NG AKA WINNIE LEUNG AKA WU BIXIA, CHING T. YOUNG, SHU H. YOUNG, ERIC S. YOUNG, LESTER S. YOUNG, ANNY TING AND ERIC CHIANG MIAO, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

### I.　　NOTICE AND DEADLINE FOR RESPONSE

PLEASE TAKE NOTICE THAT William A. Brandt, Jr., the duly appointed chapter 7 trustee (the "Trustee") of the above referenced debtor ("IMP" or the "Debtor"), hereby files this amended motion (this "Motion"), pursuant to Rule 9019(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a compromise and settlement agreement with Chin-Sheng Miao, George Ghorbanian, Winnie Ng aka Winnie Leung aka Wu Bixia, Ching T. Young, Shu H. Young, Eric S. Young, Lester S. Young, Anny Ting and Eric Chiang Miao (collectively, the "Investors"), as described in the Settlement Agreement and Mutual Release (the "Settlement Agreement"), attached as **Exhibit A** to the Declaration of William A. Brandt, Jr., filed in support of this Motion. **The Settlement Agreement forever resolves the claims of the Investors. Hence, the Investors should thoroughly review the Settlement Agreement, the Motion and all supporting documentation to ensure they agree with the proposed resolution of their claims.**

**PLEASE TAKE FURTHER NOTICE** that the proposed Settlement Agreement resolves the Trustee's objection to the Investors' asserted administrative claims against the estate in the total amount of $295,000 (the "Administrative Claims"), which claims sought recovery of amounts invested in IMP through Azzam Abdo ("Abdo"), under a Loan Agreement between Mr. Abdo and IMP. The terms of the Settlement Agreement provide that the Trustee will pay $178,500 (the "Settlement Amount") from funds of the Debtor's estate to the Investors, in the amounts attached to the Settlement Agreement as Exhibit "A", in full and final settlement of their Administrative Claims, in exchange for mutual releases from the Investors and the Trustee with respect to the Administrative Claims, as further detailed below.

This Motion is brought pursuant to Local Rule 9014-1(b)(3) of the Bankruptcy Local Rules ("B.L.R.") for the United States District Court for the Northern District of California, which authorizes the relief requested herein without a hearing upon certain conditions set forth below.

## II.    PROCEDURE AND DEADLINES FOR REQUESTING A HEARING

Pursuant to B.L.R. 9014-1(b)(3), any party wishing to object to or request a hearing on this Motion must, on or before twenty (20) calendar days after the date this Motion was mailed, file a written request for hearing and serve it on the United States Trustee, the

Trustee, and respective counsel to the Trustee and the Investors (should such party require the addresses of same, please contact Trustee's counsel at the telephone number first set forth above). An objecting party's request for a hearing must be accompanied by any declarations or memoranda of law the objecting party wishes to have this Court consider in support of its position.

If no objection or request for a hearing is timely filed, this Court may enter an order granting the Motion. If an objection or a request for hearing is timely filed, the Trustee will give at least ten (10) days written notice of hearing to the objecting or requesting party.

## III. JURISDICTION

This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. sections 157 and 1334. This is a "core" proceeding pursuant to the provisions of section 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

## IV. FACTUAL BACKGROUND

This case was commenced by voluntary petition under chapter 11 of the Bankruptcy Code filed by the Debtor on September 2, 2003. The Debtor was continued as a debtor in possession until January 29, 2004, when this Court entered its order appointing the Trustee as chapter 11 trustee for the Debtor. On April 7, 2005, the Court converted the Bankruptcy Case from chapter 11 to chapter 7. On April 8, 2005, the Court appointed the Trustee the Debtor's chapter 7 trustee.

On September 18, 2003, IMP filed its Motion to Borrow Monies (the "DIP Financing Motion"). The DIP Financing Motion sought Court approval of a September 3, 2003 "Loan Agreement,"[1] between IMP and Abdo (on behalf of himself and as agent for certain individual investors), by which Abdo agreed to raise up to $1.5 million for IMP in exchange for IMP's obligation, *inter alia*, to pay compound interest to Abdo on funds raised at an annual rate of 10%, or to convert such funds to IMP common stock at Abdo's request and at

---

[1] The DIP Financing Motion was filed one day after the Petition Date.

his sole discretion.[2] Teamasia Semiconductor (India) Ltd. ("TSIL") filed an objection to the DIP Financing Motion.

At the October 3, 2003 hearing on the DIP Financing Motion (the "October Hearing"), IMP and TSIL stipulated that IMP could borrow funds sufficient to fund IMP's operations for the months of September and October 2003 (per an agreed budget). The stipulation memorializing that agreement was submitted to and approved by the Court on October 21, 2003 (the "Financing Order"). That order provides:

> [T]he Debtor is authorized to enter into the described credit facility on the terms and for the purposes described in the [DIP Financing Motion], and may borrow funds consistent with the budget attached hereto as Exhibit B, for September 2003 and October 2003, plus the $200,000[3] trust account deposit sum, with further hearing on Debtor's motion to borrow continued to November 7, 2003 at 11:00 a.m.

Based upon available records (which are not the model of thoroughness), the Trustee has been unable to establish the extent to which the loan amounts were in fact used to satisfy the budgeted items. The September 2003 monthly operating report filed with the Court on October 20, 2003, for example, reflects that certain budgeted expenses such as payroll, were not paid in full. Nevertheless, it appears that a significant portion of the budgeted items was satisfied by the loaned amounts.

The deadline to file administrative claims, other than claims of the estate's professionals, was August 2, 2004. Abdo filed his and the Investors' administrative claim on July 30, 2004, based on Bankruptcy Code section 503(b)(1)(A), in the amount of $1,301,480, plus interest, penalties, indemnification and attorneys' fees, all in connection with the Loan Agreement, and the monies loaned to IMP thereunder (the "Abdo Claim").

In addition to Abdo, the following Investors who purported to lend money to IMP through the Loan Agreement filed separate Administrative Claims:

---

[2] Exhibit 1 to the Loan Agreement provides: "At the sole discretion of ABDO, stock certificates shall be issued in the name given by ABDO to IMP at later time."

[3] The Financing Order contemplated that $200,000 of the ABDO borrowings would be placed in a trust account as security for equipment that was to be shipped to IMP's Chinese joint venture in conjunction with those borrowings.

| Date Filed | Investor Name | Claim Amount |
|---|---|---|
| July 29, 2004 | Wu BiXia aka Winnie Ng | $100,000, plus interest |
| July 23, 2004 | George G. Ghorbanian | $10,000, plus interest |
| July 29, 2004 | Chin-Sheng Miao | $30,000, plus interest |
| July 29, 2004 | Ching T. Young and Shu H. Young | $45,000, plus interest |
| July 29, 2004 | Eric S. Young | $43,000, plus interest |
| July 29, 2004 | Lester S. Young | $22,000, plus interest |
| July 29, 2004 | Anny Ting | $5,000, plus interest |
| July 29, 2004 | Eric Chiang Miao | $15,000, plus interest |

Stated differently, while Abdo served as the agent for all investors under the Loan Agreement, the foregoing Investors chose to file Administrative Claims separate from the Abdo Claim, though, of course, they were grounded on the same operative facts and theories.

On September 14, 2004, the Trustee filed an omnibus objection to the administrative claims of Abdo and the Investors. That objection argued that the claims: (i) were duplicative (*i.e.*, vis-à-vis Abdo and the other investors); (ii) improperly sought administrative status for amounts loaned pre-petition (that is, while the Loan Agreement was approved post-petition, at least a portion of the loaned amounts was received within a few days before the Petition Date); and (iii) sought administrative priority for amounts not used in accordance with the Court-approved budget.

On October 22, 2004, Abdo filed his response. That response asserted, among other things, that Abdo provided substantial, valuable consulting services to IMP sufficient to negate any unauthorized post-petition transfer cause(s) of action and that in addition to the Court approved loans, and that he was entitled to interest, attorney's fees and penalties as set forth in the Loan Agreement. Abdo also asserted that the Court had earlier approved the Loan Agreement—and hence administrative priority was appropriate—by its October 21,

2003 minute order, and that all or at least a substantial majority of the loan proceeds was used in accordance with the Court-approved budget.

Thereafter, the Trustee commenced settlement discussions and informal discovery with the Investors (and separately with Abdo). The Trustee required that the Investors provide evidence that the loans: (i) came from the Investors; (ii) were received by IMP post-petition; and (iii) were applied consistent with the budget. Through that exercise, the Investors were able to substantiate that IMP received all of the funds, and that a substantial portion of those funds was likely used by IMP in accord with the budget.[4] Certain of the checks, however, indeed cleared prior to the Petition Date.

After this showing the Trustee was left to decide in his business judgment whether it was in the best interest of the estate to finalize a settlement with the Investors, or instead to litigate the claim. The efforts of the Investors and their counsel clearly showed that the loaned amounts were in fact made. So viewed, the reality the Trustee faced was that even if he litigated the Investors' Claims, the Investors could potentially succeed in realizing payment on the entirety of their Administrative Claims. The better solution in the Trustee's business judgment was to settle the Administrative Claims by eliminating all amounts that IMP received pre-petition, and from that figure constructing a discount to effectively (if not precisely) take into account that no one will ever know with mathematical certainty to what extent the monies received were fully used for the budgeted items. All of this was ultimately agreed to by the Investors with salient terms of the settlement as summarized below.[5]

The Settlement Agreement is subject to Court approval. It provides in pertinent part that within 11 days after that approval, the Trustee will pay the Settlement Amount ($178,500) to the Investors' counsel, for pro rata distribution to the Investors, based upon

---

[4] This evidence largely consisted of cancelled checks, and contained the amounts paid by each individual investor, the dates of their deposits, and that the funds went into the estate.

[5] To the extent the summary contained in this Motion conflicts with the actual terms of the compromise contained in the Settlement Agreement, the latter shall prevail.

- 6 -

AMENDED COMPROMISE OF CONTROVERSY (INVESTORS ADMINISTRATIVE CLAIMS)
BK. NO. 03-55665MM

Case: 03-55665    Doc# 623    Filed: 02/15/06    Entered: 02/15/06 15:47:33    Page 6 of 8

the amounts disclosed on Exhibit "A" to the Settlement Agreement. The Investors' pro rata shares will be reduced by their respective shares of their counsels' legal fees. In exchange, the Trustee and the Investors will provide releases with respect to the Administrative Claims. The Investors shall not be entitled to duplicate recovery under the Abdo Claim.

## V.  LEGAL AUTHORITY

The Court may approve a settlement between a debtor or trustee and a third party, after notice and a hearing. Fed. R. Bankr. P. 9019, 2002. The requirement of notice and hearing is met by giving notice and an opportunity for hearing. B.L.R. 9014-1(b)(3).

The criteria for approval of settlements is well settled under applicable law. *See Marin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir.), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986). To be approved, a proposed settlement must be fair and equitable to the estate, upon a consideration of (a) the probability of success in litigation, (b) the difficulties to be encountered, if any, in collecting on a litigation success, (c) the complexity, expense, inconvenience, and delay that prosecuting the litigation will entail, and (d) the interests of the creditors and a proper deference to the reasonable views they have on the matter. *In re A&C Properties*, 784 F.2d at 1381; *accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).

The settlement proposed here satisfies these criteria. While the Trustee is confident the estate would prevail on at least a portion of the objection to the Administrative Claims, the Trustee cannot be certain that the Investors would not recover some amount in light of the pre- and post-petition loan amounts that they were able to prove were used in accordance with the Court-approved budget. Simply stated, there exists risk that any judgment would result in a higher recovery to the Investors than the Settlement Amount, and in any event litigating that judgment would prove costly. Viewed from any reasoned perspective from creditors, the proposed settlement is in their best interests and should appropriately be approved.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving this Motion and the underlying Settlement Agreement.

DATED: February 15, 2006

Respectfully submitted,

HELLER EHRMAN LLP

By: /s/ Michaeline H. Correa
Michaeline H. Correa
Attorneys for chapter 7 trustee,
William A. Brandt, Jr.

SF 1225577 v1
(40952.0001)