PETER J. BENVENUTTI (Bar No. 60566)
ROBERT A. TRODELLA, JR. (Bar No. 184081)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: robert.trodella@hellerehrman.com

Attorneys for chapter 7 trustee
WILLIAM A. BRANDT, JR.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>IMP, INC.,<br><br>Debtor. | Bk. No. 03-55665 MM<br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE OF AVOIDING ACTION FILED AGAINST SUBBARAO PINAMANENI**<br><br>[Hearing Only if Timely Requested]<br>**B.L.R. 9014-1(B)(3)** |

**TO THE HONORABLE MARILYN MORGAN, UNITED STATES BANKRUPTCY JUDGE, SUBBARAO PINAMANENI, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

William A. Brandt, Jr., the chapter 7 trustee (the "Trustee") of the above referenced debtor (the "Debtor"), hereby files this motion pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, seeking Court approval of his compromise with defendant Subbarao Pinamaneni ("Defendant"), which will settle the avoiding action asserted by the Trustee against the Defendant, pending before this Court as Adversary Proceeding No. 04-05094. The terms of the compromise with Defendant are set forth in the Stipulation for Entry of Judgment and Settlement Agreement filed concurrently herewith, and are summarized in Part IV below. A copy of the

Stipulation is attached as Exhibit A to the Declaration of William A. Brandt, Jr., filed concurrently herewith and in support of this Motion.

This Motion is brought pursuant to Local Rule 9014-1(b)(3) of the Bankruptcy Local Rules ("B.L.R.") for the United States District Court for the Northern District of California, which authorizes the relief requested herein without a hearing upon certain conditions set forth below.

## I. PROCEDURE AND DEADLINES FOR REQUESTING A HEARING

Pursuant to B.L.R. 9014-1(b)(3), any party wishing to object to or request a hearing on this Motion must, on or before twenty (20) calendar days after the date this Motion was mailed, file a written request for hearing and serve it on the United States Trustee, the Trustee, and respective counsel to the Trustee. An objecting party's request for a hearing must be accompanied by any declarations or memoranda of law the objecting party wishes to have this Court consider in support of its position.

If no objection or request for a hearing is timely filed, this Court may enter an order granting the Motion. If an objection or a request for hearing is timely filed, the Trustee will give at least ten (10) days written notice of hearing to the objecting or requesting party.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. sections 157 and 1334. This is a "core" proceeding pursuant to the provisions of section 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

## III. FACTUAL BACKGROUND

This case was commenced by voluntary petition under chapter 11 of the Bankruptcy Code filed by the Debtor on September 2, 2003. The Debtor continued as debtor-in-possession until January 29, 2004, when the Bankruptcy Court appointed the Trustee as chapter 11 trustee for the Debtor. On April 7, 2005, the Bankruptcy Court entered an order converting the case from chapter 11 to chapter 7. On April 8, 2005, the Trustee was appointed chapter 7 trustee to administer the Debtor's chapter 7 bankruptcy estate.

On March 16, 2004, the Trustee filed a complaint against the Defendant, Sugriva Reddy, Roy Chetty and Teamasia Semiconductors (USA), commencing the Action. The Trustee filed an

Heller Ehrman LLP

- 2 -
MTN TO APPROVE SETTLEMENT (PINAMANENI)
Case: 03-55665  Doc# 667  Filed: 09/12/06  Entered: 09/12/06 12:46:24  Page 2 of 5
Bk No. 03-55665MM

amended complaint on August 26, 2005 to add two parties, Jaya Pinamaneni and Phani Pinamaneni, as defendants, as well as to include new causes of action (the "Amended Complaint"). The Trustee has dismissed all parties (other than Teamasia Semiconductors (USA), a defunct entity) to the action, without prejudice, except Defendant.

The Amended Complaint seeks to: (a) determine the Debtor's interest in funds at various times held in bank accounts Plaintiff alleges were established and used for the personal benefit of Defendant; (b) recover property of the Debtor's estate; (c) recover preferential transfers; (d) recover post-petition transfers; (e) avoid and recover fraudulent transfers; (f) recover damages for contempt for violation of the automatic stay; and (g) recover damages for breach of fiduciary duty. The liquidated amount of the transfers the Trustee seeks to recover from Defendant is approximately $2 million.

Defendant filed his answer to the Amended Complaint on December 9, 2005, disputing the Claims and asserting defenses. Defendant has further represented – and the Trustee's independent due diligence has borne out – that Defendant has no meaningful assets and no ability to pay any judgment against him. As part of the Stipulation, Defendant has provided a sworn personal financial statement, which is attached as Exhibit "A" to the Stipulation.

A trial to litigate the Claims is tentatively scheduled to be held before the Bankruptcy Court from January 22, 2007 through January 24, 2007.

## IV. SUMMARY OF THE STIPULATION[1]

The Stipulation provides in pertinent part that Defendant will pay to the Trustee, and the Trustee will accept on behalf of the estate, the sum of $105,000. Defendant will pay the settlement amount in installments over a period of approximately six months, with the final payment due on or before March 15, 2007. Should Defendant fail to timely make an installment payment on or before the seven-day grace period expires, a late payment fee of $10,000 per occurrence will apply. If the Trustee timely receives the Settlement Amount, the parties will file a notice of dismissal of the

---

[1] To the extent the terms of the Stipulation differ from the summary provided in this Motion, the former shall prevail.

Action, *without prejudice*, through December 31, 2008, at which point it shall be deemed dismissed with prejudice. Defendant agrees to toll the statute of limitations through December 31, 2008.

If an uncured (or un-curable) event of default occurs, a $2 million stipulated judgment will be entered against the Defendant. An event of default occurs if the Defendant fails to make all payments by March 15, 2007, or if the Trustee learns the Defendant has misrepresented his finances.

## V. LEGAL AUTHORITY

The Court may approve a settlement between a debtor and a third party, after notice and a hearing. Fed. R. Bankr. P. 9019, 2002. The requirement of notice and hearing is met by giving notice and an opportunity for hearing. B.L.R. 9014-1(b)(3). The criteria for approval of settlements are well settled under applicable law. *See Marin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir.), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986). To be approved, a proposed settlement must be fair and equitable to the estate, upon a consideration of (a) the probability of success in litigation, (b) the difficulties to be encountered, if any, in collecting on a litigation success, (c) the complexity, expense, inconvenience, and delay that prosecuting the litigation will entail, and (d) the interests of the creditors and a proper deference to the reasonable views they have on the matter. *In re A&C Properties*, 784 F.2d at 1381; *accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).

The proposed settlement satisfies these criteria. While the Trustee is confident he would succeed on the merits of the action, the reality is that he has been unable to locate meaningful (or any) assets to satisfy a resulting judgment. Hence, even if the Trustee were to proceed through trial and were to succeed on all counts, it is doubtful the Trustee could recover even the $105,000 that is to be paid through the settlement. The Defendant has no home. He has no known bank accounts. He does not own a car. He has no known employer (he is self-employed overseas). He holds dual citizenship and is known to leave the country for months at a time. In short, in the Trustee's business judgment it is best for the estate to stop the litigation costs and to receive from the Defendant the $105,000 settlement amount, even if that payment is made over a six month period. To the extent the Trustee determines the Defendant has misrepresented his finances, or if the

Heller Ehrman LLP

- 4 -
MTN TO APPROVE SETTLEMENT (BINAM ANEND)
Bk No. 03-55665MM
Case: 03-55665   Doc# 667   Filed: 09/12/06   Entered: 09/12/06 12:46:24   Page 4 of 5

Defendant fails to pay the settlement amount, a $2 million stipulated judgment will be entered against the Defendant without any further litigation (or cost). Given these realities, the proposed settlement is in the best interests of this estate and should appropriately be approved.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving this Motion and the underlying Settlement Agreement.

DATED: September 7, 2006

Respectfully submitted,

HELLER EHRMAN LLP

By: /s/ Robert A. Trodella, Jr.
Attorneys for chapter 7 trustee,
William A. Brandt, Jr.

SF 1300903 v1